# Third District Court of Appeal

## State of Florida

Opinion filed July 22, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D26-0223
Lower Tribunal No. D24-15187
_____

**E.D., the Father,**
Appellant,

vs.

**Department of Children and Families, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Michelle Alvarez Barakat, Judge.

Kevin G. Thomas, for appellant.

Sara Elizabeth Goldfarb, and Laura J. Lee (Tallahassee), for appellee Guardian ad Litem; Karla Perkins, for appellee Department of Children and Families.

Before LOGUE, LINDSEY and LOBREE, JJ.

PER CURIAM.

E.D., the father, appeals a final judgment terminating his parental rights

to his children, Em.D. and Ez.D.  We affirm because the record contains substantial, competent evidence that the Department of Children and Families established by clear and convincing evidence that statutory grounds for termination exist, specifically section 39.806(1)(b) and (1)(f), Florida Statutes (2025).  "The parental rights of one parent may be severed . . . '[i]f the protection of the child[ren] demands termination of the rights of the single parent'" or "'[i]f the parent whose rights are being terminated meets any of the criteria specified in s. 39.806(1) . . . (f).'"  § 39.811(6)(d),(e), Fla. Stat. (2025).  "The standard of review where a trial court terminates parental rights on the basis of egregious conduct, is whether the order is supported by competent substantial evidence." I.D. v. Dep't of Child. & Fams., 13 So. 3d 1117, 1119 (Fla. 3d DCA 2009); S.M.O. v. Dep't of Child. & Fams., 357 So. 3d 773, 777 (Fla. 3d DCA 2023) (same).  "[I]t is within the province of the trial court to weigh the evidence presented and to make credibility determinations." I.D., 13 So. 3d at 1120 (citing M.R. v. Dep't of Child. & Fam. Servs., 783 So. 2d 277, 278 (Fla. 3d DCA 2001)).

Affirmed.